**TEAMSTERS LOCAL UNION NO. 116, Appellant,**

**v.**

**FARGO–MOORHEAD AUTOMOBILE DEALERS ASSOCIATION, Appellee.**

No. 79–1955.

United States Court of Appeals, Eighth Circuit.

Submitted April 16, 1980.

Decided May 2, 1980.

John T. Schneider, Schneider, Hilden & Schneider, Fargo, N. D., for appellant.

Michael Alden, Tate, Bruckner & Sykes, Houston, Tex., argued, for appellee; William H. Bruckner, Houston, Tex., on brief.

Before LAY, Chief Judge, ROSS, Circuit Judge, and LARSON,* Senior District Judge.

* Earl R. Larson, Senior District Judge, District of Minnesota, sitting by designation.

LAY, Chief Judge.

Under a collective bargaining agreement entered into by individual automobile dealers and Teamsters Local Union No. 116 of Garage Maintenance, Machine Warehousemen, Repairmen, Inside Men and Helpers, (the Union), the dealers contributed to an employee pension fund. Under the agreement, the parties were to begin negotiations on a new pension plan before the old one expired and submit to arbitration if they could not agree on a plan prior to expiration. The dealers are members of the Fargo-Moorhead Automobile Dealers Association, (the Association). The Association negotiated on behalf of the dealers with the Union and when no resolution was reached, agreed under the terms of a letter of understanding to extend the negotiation period for an employee vote. The letter expressly stated that the Association agreed to escrow contributions paid under the expired plan in the interim. After the employees rejected the pension plan proposed by the Association, the Association and the Union proceeded to arbitration. It was agreed that the Association would continue to escrow employer contributions made under the expired plan. The Association and the Union were the only parties to the arbitration proceeding. The arbitrator decided the old pension plan should be retained for the life of the collective bargaining agreement, as the Union had urged.

Approximately two months after denial of the Association's motion for reconsideration, the Union sued the Association in state court, requesting enforcement of the arbitrator's award, specifically an order that the Association turn over the escrowed sums to the pension fund and continue employer contributions to that fund.

On the Association's petition, the action was removed to federal district court. Thereafter, the Association alleged it lacked capacity to be sued, was not a signatory to the contract sued upon, and that the arbitrator's undisclosed prior contacts with the Union precluded enforcement of the arbi-

tration decision. After discovery and nearly a year after the lawsuit was filed, the Association moved for dismissal for failure to state a claim, or in the alternative for summary judgment, on the ground that it was not a party to the collective bargaining agreement. The Union asserted the Association had waived a lack of capacity defense under Fed.R.Civ.P. 9(a) by delay and lack of specificity; however, it also moved in the alternative for permission to join the individual members of the Association under Fed.R.Civ.P. 21.

The district court granted summary judgment for the Association. It held: (1) the Association was not a party to the collective bargaining agreement and therefore could not be held liable under it; (2) assuming arguendo that the Association was a bargaining agent for the dealers and signed the collective bargaining agreement in that capacity, it was nevertheless not a party thereto because it signed as the agent of a disclosed principal; and (3) Rule 21 could not provide relief for the Union, because it had sued the wrong party.

We reverse with directions that the Association be retained as a party defendant, the Union's Rule 21 motion be granted, and the court expedite the proceedings to avoid further delay and reach the merits of the lawsuit.

■ The Association, as escrow holder, is a proper party defendant for at least part of the relief requested: payment of contributions held in escrow. The arbitrator noted the parties' letter of understanding specifically stated that the Association agreed to escrow employer contributions made under the expired agreement during the extended negotiation and arbitration period. Having agreed to serve as depository of the escrow, the Association was the party to sue for release of the funds.

■ If the district court finds the individual dealers are necessary parties for granting complete relief,[1] relating to the

1. There is a factual dispute on whether the Association entered into the collective bargain-

ing agreement on behalf of its members. The Union stated in answer to an interrogatory, and

payment of future employer contributions to the pension fund, joinder under Rule 21 is the obvious remedy. *See* 3A Moore's Federal Practice ¶ 21.04 (2d ed. 1979). Non-joinder of these parties is not ground for dismissal of the action. Fed.R.Civ.P. 21.

Judgment reversed; cause remanded with directions. Costs assessed against appellee.

Wayne Jett, Los Angeles, Cal., for appellants.

Edward B. Robin, Los Angeles, Cal., argued, for appellee; Richard W. Esterkin, Beverly Hills, Cal., Shapiro, Robin, Cohen & Posell, Los Angeles, Cal., on brief.

the record before us indicates, that each individual dealer entered the collective bargaining agreement through its "undersigned duly authorized representative," and that the Association's president and secretary-treasurer signed each agreement. The parties' letter of understanding, as quoted in the arbitration decision, states that it was the Association that negotiated with the Union over the pension plan article of the collective bargaining agreement. This and the Association's partipation in the arbitration proceeding contradict affidavits of individual dealers, which the district court relied upon, that state the Association had no labor relations function.

The factual dispute is not necessarily immaterial because of the district court holding that the Association merely acted as an agent. The Association never raised before the arbitrator lack of capacity to implement an adverse arbitration decision due to status as a representative agent. The arbitration decision indicates the Association itself agreed with the Union to submit to arbitration; it was a party and the individual dealers were not.